## UNITED STATES DISTRICT COURT
### Eastern District of Virginia
Norfolk Division

UNITED STATES OF AMERICA

v.

ALFREDA STALLION

Defendant.

Case Number: 2:14CR00137-009

USM Number: 84965-083

Defendant's Attorney: Richard Yarow

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty by a jury on Counts 35 and 67 of the Superseding Indictment, after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18, USC, Section 1035 | False Statements Relating to Health Care Matters | Felony | August 26, 2011 | 35 |
| T.18, USC, Sections 641 and 2 | Theft of Public Money | Felony | June 2011 | 67 |

As pronounced on November 30, 2015, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 30th day of November, 2015.

/s/
Rebecca Beach Smith
Chief Judge

Rebecca Beach Smith
Chief Judge

**Case Number:** 2:14CR00137-009
**Defendant's Name:** STALLION, ALFREDA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of NINETY (90) MONTHS. This term of imprisonment consists of a term of SIXTY (60) MONTHS on Count 35, and a term of NINETY (90) MONTHS on Count 67, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall undergo a mental health evaluation and receive all appropriate mental health treatment and counseling, in particular for her fraud mentality.

2) The defendant shall participate in a financial counseling and management program, if available.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: ______________________________

______________________________________________

Defendant delivered on ____________________ to______________________________
at______________________________, with a certified copy of this Judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

**Case Number:** 2:14CR00137-009
**Defendant's Name:** STALLION, ALFREDA

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of a term of THREE (3) YEARS on Count 35, and a term of THREE (3) YEARS on Count 67, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Case Number:** 2:14CR00137-009
**Defendant's Name:** STALLION, ALFREDA

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

2) The defendant shall provide the probation officer access to any requested financial information.

3) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.

4) During the term of supervised release, the defendant shall provide a copy of her state and federal tax returns each year to the probation officer.

5) If deemed necessary by the probation officer, the defendant shall continue to participate in a program approved by the United States Probation Office for financial counseling at the direction and discretion of the probation officer. The defendant shall bear the costs of this program.

6) If deemed necessary by the probation officer, the defendant shall continue to participate in a mental health treatment and counseling program, in particular for fraud mentality, at the direction and discretion of the probation officer. The defendant shall bear the costs of this program.

7) The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

8) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer. The defendant shall bear the costs of this program.

9) The defendant is prohibited from engaging in any employment where the defendant would have access to money or personal identifiers.

10) The defendant shall provide written notification of the nature of her conviction to any employer she may have during her period of supervised release. A copy of this written notification shall be submitted to the probation officer, and the probation officer shall verify that the defendant's employer received her notification.

11) The defendant shall not engage in any employment, either as an owner, director, manager, regular employee, contractor, or any other position by which she will receive compensation or reimbursement from The U.S. Department of Health and Human Services Medicaid or Medicare Programs, The Virginia Department of Medical Assistance Services (DMAS), or The Virginia Medical Assistance Program (VMAP).

12) The court does not deny federal benefits because the denial is not applicable.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case Page 5 of 6
Sheet 5 – Criminal Monetary Penalties

**Case Number:** 2:14CR00137-009
**Defendant's Name:** STALLION, ALFREDA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 35 | $100.00 | $0.00 | $728.00 |
| | 67 | $100.00 | $0.00 | $20,842.16 |
| **TOTALS:** | | **$200.00** | **$0.00** | **$21,570.16** |

# FINES

No fines have been imposed in this case.

# COSTS

The Court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

# RESTITUTION

See attached Restitution Order filed on November 30, 2015.

FILED
IN OPEN COURT
NOV 30 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 2:14CR137-009
)
ALFREDA STALLION, )
)
*Defendant.* )

## RESTITUTION ORDER

1. Pursuant to 18 U.S.C § 3663A(a)(1), the defendant is sentenced to pay restitution in the amount of **$21,570.16**.

2. The amount of restitution paid to any victim, collectively, shall not exceed the victim's total loss from the offenses of conviction.

3. The victims' names, addresses, and the victims' respective total loss amounts are listed in Attachment A to this Restitution Order.

4. Interest:



__✓__ is waived.

______ accrues as provided in 18 U.S.C § 3612(f).

5. Notwithstanding any other provision of this Restitution Order, including the directive to make periodic payments, restitution is due in full and payable immediately from assets known and unknown and including assets identified in the Presentence Report. The Government may enforce restitution at any time.

6. If incarcerated, the Court encourages the defendant to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

7. The defendant shall pay to the Clerk at least $250.00 per month beginning 60 days from the inception of supervised release. The Court reserves the option to alter this amount, depending upon the defendant's financial circumstances at the time of supervised release.

8. All payments shall be made to the Clerk of Court, United States District Court, 600 Granby Street, Norfolk, Virginia 23510-1811.

9. Within 30 days of (a) any change of name, residence, or mailing address; and/or (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, Virginia 23510.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

11. The Clerk of Court shall distribute the funds to the victims on a pro rata basis. The Clerk may withhold distribution of any restitution amounts until the sum available for restitution to each victim is at least $25.00.

/s/
Rebecca Beach Smith
Chief Judge

Honorable Rebecca Beach Smith
Chief United States District Judge

ENTERED this 30th day of November, 2015.

at Norfolk, Virginia

WE ASK FOR THIS:

Dana J. Boente
United States Attorney

Joseph L. Kosky
V. Kathleen Dougherty
Assistant United States Attorneys
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone - 757-441-6331
E-Mail – joseph.kosky@usdoj.gov
E-Mail - v.kathleen.dougherty@usdoj.gov

**ATTACHMENT A TO RESTITUTION ORDER**

| Victim: | Loss Amount: |
| --- | --- |
| Department of Medical Assistance Services<br>c/o Randall L. Clouse, Director and Chief<br>Medical Fraud Control Unit<br>Office of the Attorney General<br>900 East Main Street<br>Richmond, Virginia 23219. | $728.00 |
| Virginia Employment Commission<br>Cashier's Office<br>Post Office Box 1358<br>Richmond, Virginia 23218 | $20,842.16 |
| Total due from defendant: | $21,570.16 |

**Case Number:** 2:14CR00137-009
**Defendant's Name:** STALLION, ALFREDA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

The defendant shall pay to the Clerk at least $250.00 per month beginning sixty (60) days from the inception of supervised release toward any restitution remaining unpaid. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release and depending upon how much restitution has been paid.

Interest on the restitution is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.